CASE 85—ORDINARY—APRIL 23.

## Vicory v. Strausbaugh.

APPEAL FROM MASON CIRCUIT COURT.

1. A levy upon personal property held by the execution debtor jointly with another, accompanied with a statement of the facts connected with the levy and the claim of the joint owner, gives to the plaintiff a lien upon the debtor's interest in it.

2. The enforcement of this lien can only be had in equity, where the rights of all parties in interest can be determined.

3. Section 645, Civil Code, does not authorize the execution of a bond by the party claiming the property jointly with the execution debtor.

L. W. ROBERTSON AND E. WHITAKER FOR APPELLANT.

1. After the jury was sworn it was too late to object for want of notice. (1 Bibb, 341; 1 Mon., 15.)

2. The claimant's bond was valid, and authorized by section 645 of the Civil Code. (Ibid, secs. 650 and 660; Williams v. Smith, 4 Bush, 540.)

STANTON & LAREW FOR APPELLEE.

The 645th section of the Civil Code does not authorize the execution of the bond. There is no authority to be found for it.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Section 660 of the Civil Code provides, "that an officer levying an execution on personal property held by the debtor jointly with another shall not deprive such person, without his consent, in writing, of the possession of the property, except for the purpose of having it inventoried and appraised," &c. He is also required to state the facts on the return made on the execution, and this gives the execution creditor a lien that he may enforce in a court of equity.

In this case a levy was made on an interest of one half in the crop of tobacco owned, as is alleged, jointly by the execution debtor and another, and a claimant of the one half interest executed a claimant's bond, as provided by section 645 of the Code, by which a sale of personal property may be suspended at the instance of any party other than the defendant claiming the property, &c. A motion was made by the plaintiff in the execution for a judgment on the bond, as provided by section 648 of the Code, and on the hearing it was insisted that the bond was unauthorized, without consideration, and no action or motion could be had upon it.

We think the court acted properly in dismissing the motion. The bond to suspend the sale by the officer was not obligatory, for the reason that no sale of the property could have been made by him. His return on the execution gave to the creditor a lien, with the right to go into a court of equity, and, as against the other joint owner and all others claiming an interest in the property, have their rights determined. It does not appear that the other joint owner with the debtor had surrendered the property to the officer for sale, or that any other step had been taken than the levy on the debtor's interest.

Judgment affirmed.